The Honorable Lu Hardin State Senator 260 Hilltop Drive Russellville, Arkansas 72801
Dear Senator Hardin:
This is in response to your request for an opinion regarding student accounts at Arkansas Tech University. Specifically, you have posed the following questions in relation to student accounts:
 1. What is the statute of limitation on student accounts receivable?
 2. For student accounts on which the statute of limitations has expired, may Arkansas Tech University take the following actions:
(a) continue internal collection efforts?
(b) withhold transcripts?
 (c) submit the accounts for the State tax setoff under Act 372 of 1983, which is codified at A.C.A. 26-36-301 to -320 (Repl. 1992 and Supp. 1993)?
 (d) demand payment of old debt as a condition of re-enrollment?
(e) place the account with a collection agency?
 (f) pursue any kind of legal actions to collect the account?
In response to your first question, it is my opinion that if the debts in question are not evidenced by any writings, or if they otherwise fall within any of the categories listed in A.C.A.16-56-105 (1987), the statute of limitations for collecting the debts will be three years. In this regard, A.C.A. 16-56-105
provides, in pertinent part, the following:
 The following actions shall be commenced within three (3) years after the cause of action accrues:
 (1) All actions founded upon any contract, obligation, or liability not under seal and not in writing, excepting such as are brought upon the judgment or decree of some court of record of the United States or of this or some other state;
* * *
 (3) All actions founded on any contract or liability, expressed or implied. . . .
If, however, an action is based on a promissory note or on other instruments in writing not under seal, the statute of limitation for commencement of such an action is five years. In this regard, A.C.A. 16-56-111 (Cum. Supp. 1993) provides the following:
 (a) Actions on promissory notes and on other instruments in writing not under seal shall be commenced within five (5) years after the cause of action shall accrue, and not thereafter. However, partial payment or written acknowledgment of default shall toll this statute of limitation.
 (b) Actions on writings under seal shall be commenced within five (5) years after the cause of action shall accrue, and not afterward.
 (c) This section shall apply to all actions commenced after March 1, 1989, regardless whether the default occurred prior to, on, or after March 1, 1989.
Thus, with regard to your specific question, the particular circumstances of each student account will determine which of the foregoing statutes of limitation will apply.
With regard to your second question, it is my opinion that Arkansas Tech University is specifically authorized by statute to place accounts with a collection agency, continue internal collection efforts, or submit the accounts for setoff of debt against income tax refunds pursuant to Act 372 of 1983, which is codified at A.C.A. §§ 26-36-301 to -320. The statutory authorization for such action appears at A.C.A. § 19-2-305
(1987), which provides the following:
 (a) A state agency shall diligently and actively pursue the collection of their accounts and notes receivable.
 (b) Diligently and actively pursuing the collection of these accounts may include, but is not limited to:
 (1) Contacting debtor by phone or letter within a reasonable time after an account is deemed delinquent; or
 (2)(A) Referring an account to a licensed collection agency or an attorney for collection with a remuneration not exceeding fifty percent (50%) for accounts of five hundred dollars ($500) or less and not exceeding thirty-three and one-third percent (33 1/3%) for accounts in excess of five hundred dollars ($500).
 (B) If an agency is unable to procure the services of a collection agency or attorney for the collection of any account in excess of five hundred dollars ($500) for a fee of one-third (1/3) of the amount recovered as authorized in this subsection, the agency may report this fact to the Legislative Joint Auditing Committee, and the committee may authorize the agency to pay a higher fee for collecting the account, not to exceed fifty percent (50%); or
 (3) Pursuing setoff of debt against income tax refunds as allowed by 26-36-301 to 26-36-320; or
 (4) Pursuing all other available means of collection if deemed feasible and economically justifiable by the agency. [Emphasis added.]
For purposes of the foregoing statute, "state agency" is defined as "a state agency, . . . or institution of higher education created by or receiving an appropriation by the General Assembly of the State of Arkansas." A.C.A. § 19-2-303(3) (1987). Clearly, then, Arkansas Tech University would be considered a "state agency" for purposes of A.C.A. § 19-2-305 and thus would be authorized to pursue the collection methods set forth in the statute as long as the guidelines therein were observed. It should also be noted that A.C.A. § 19-2-306 (1987) allows for abatement of debts under certain circumstances; that statute provides the following:
 (a) If after the state agency has pursued collection of the debt owing it as set out in this subchapter and the debt or partial debt is decreed to be uncollectible, then the debt shall be referred to the Chief Fiscal Officer of the State for abatement.
 (b) The Chief Fiscal Officer of the State shall satisfy himself that all efforts to collect the indebtedness have been fulfilled, and he may then, by written approval, declare the debt or remaining debt uncollectible and notify the state agency and Legislative Joint Auditing Committee of abatement of the debt.
For purposes of the foregoing statute, Arkansas Tech University would be considered a "state agency." See A.C.A. 19-2-303(3) (1987).
With regard to that portion of your second question which refers to withholding transcripts and demanding payment of an overdue account as a condition of re-enrollment at Arkansas Tech University, I find no statute which would prohibit such actions. An argument can be made that such actions fit within subsection (b)(4) of A.C.A. § 19-2-305, as set forth above, and which states that state agencies are authorized to pursue "all other available means of collection if deemed feasible and economically justifiable by the agency." It would, however, be advisable for Arkansas Tech University to seek the assistance of its attorneys in implementing these policies.
With regard to that portion of your second question which pertains to pursuing any kind of legal actions to collect overdue accounts, it is my opinion that once the statute of limitations has run on such accounts, no legal action in the form of a lawsuit is available. The purpose of statutes of limitation is to bar suits once the applicable time period in which a suit may be commenced has expired.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh